AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
для
Northern District of Oklahoma

FILED
JUL 23 2021
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

United States of America
v.

ALEXANDER NICHOLAS SWEET

Defendant(s)

Case No. 21-MJ-516-FHM

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **on or about Sept. 2019 through today** in the county of **Tulsa** in the Northern District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2422 | Coercion and Enticement |
| 18 U.S.C. §§ 2251(a) | Production of Child Pornography |
| 18 U.S.C. § 2252(a)(2)(A) and (B) | Receipt of Child Pornography |
| 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) | Possession of Child Pornography |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

SA Brian Dean, FBI
Printed name and title

Sworn to before me by phone.

Date: 7-23-21 2:19 PM

_____
Judge's signature

City and state: Tulsa, OK

United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A COMPLAINT AND ARREST WARRANT

I, Brian S. Dean, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) assigned to the Oklahoma Safe Trails Task Force based in Tulsa, OK. As a Special Agent, my duties include investigating violations of federal criminal law and threats to national security. In addition to formalized training, I have received extensive training through my involvement in numerous investigations working alongside experienced law enforcement officers at both the federal and local level. My investigations include, but are not limited to, drug and gang violations, violent crimes, Indian Country violations, counterterrorism, computer intrusion, and crimes against children.

2. The facts and circumstances of this investigation set forth in this affidavit are based on my personal observations, knowledge obtained from other law enforcement officers, my review of documents related to this investigation, conversations with others who have personal knowledge of the circumstances described herein, and a review of open source information. This affidavit is submitted for the limited purpose of establishing probable cause for the requested warrant, and therefore does include every fact I have learned during the course of this investigation.

3. Based on my training, research, experience, and the facts as set forth in this affidavit, there is probable cause to believe that **ALEXANDER NICHOLAS SWEET** (DOB: XX-XX-1993; SSN: XXX-XX-6318) has violated:

- 18 U.S.C. 2422 – Coercion and Enticement

- 18 U.S.C. §§ 2251(a) – **Production of Child Pornography:** Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in…any sexually explicit conduct for the purposes of producing any visual depiction

- 18 U.S.C. § 2252(a)(2)(A) and (B) – **Receipt of Child Pornography:** Any person who knowingly receives material constituting a child pornography

- 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) – **Possession of Child Pornography:** Possession of, knowing access, conspiracy to access, or attempted access with intent to view child pornography.

18 U.S.C. 2422 provides in pertinent part:

(b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life

18 U.S.C. 2251 provides in pertinent part:

(a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if

2

such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

.....................

(e)     Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years, but if such person has 2 or more prior convictions under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to the sexual exploitation of children, such person shall be fined under this title and imprisoned not less than 35 years nor more than life. Any organization that violates, or attempts or conspires to violate, this section shall be fined under this title. Whoever, in the course of an offense under this section, engages in conduct that results in the death of a person, shall be punished by death or imprisoned for not less than 30 years or for life.

18 U.S.C. 2252 provides in pertinent part:

(a)     Any person who—

.....................

3

(2)     knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if—

(A)     the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B)     such visual depiction is of such conduct;

..............................

(b)(1) Whoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but if such person has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.

18 USC 2252 additionally provides in pertinent part:

(a)     Any person who—

..................

(4) (B) knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if—

(i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

4

(ii) such visual depiction is of such conduct;

shall be punished as provided in subsection (b) of this section.

..........................................

(b)(2) Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both, but if any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

It is therefore respectfully requested this Court issue a complaint and arrest warrant for ALEXANDER N. SWEET.

## DEFINITIONS

4.   The term "child pornography," as defined in 18 U.S.C. § 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where

a. the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

b. such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

c. such visual depiction has been created, adapted, or modified to appear that an

5

identifiable minor is engaging in sexually explicit conduct.

5. The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

6. The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

7. The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

8. The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

## BACKGROUND REGARDING
## CHILD PORNOGRAPHY AND TECHNOLOGY

9. Computers and computer technology have revolutionized the way in which child pornography and other depictions of children being sexually exploited is produced, distributed, stored, and utilized. It has also revolutionized the way in which collectors interact with each other. Child pornography was formerly produced using cameras and film (either still photography or movies). The photographs required darkroom facilities and a significant amount of skill to develop and reproduce the images. As a result, there were definable costs involved with the production of pornographic images, and even greater costs associated with their distribution.

10. The development of computers, mobile devices, and the Internet however drastically changed the means by which people produce, gain access to, and distribute child pornography. Child pornography can now be reproduced inexpensively, marketed anonymously (through electronic communications), and distributed to anyone with access to a computer and modem. In addition, the proliferation of commercial services that provide easy access to the Internet and electronic sharing and storage systems (IE. Email, Instant Messaging, Social Media, etc.) has made mobile devices and computers the preferred methods of distribution and receipt of child pornographic materials.

## INVESTIGATIVE BACKGROUND

11. In December 2020, FBI Tulsa received information a 27-year-old man by the name of ALEXANDER NICHOLAS SWEET was in an intimate relationship with a 16-year-old girl, hereinafter referred to as Victim 1 and was in possession of graphic photographs and videos constituting child pornography. Law enforcement personnel were separately provided with screen shots from a witness (herein identified as **Witness 1**) of several social media posts he/she believed to be made by SWEET. The posts were made across an array of social media platforms and specifically discussed SWEET's sexual interest in minor girls.[1] Several examples are provided below:



---

[1] Based on my training and experience, I know there are certain characteristics common to individuals with intent to view and/or possess, collect, receive, or distribute images of child pornography. These individuals typically receive sexual gratification, stimulation, and satisfaction from contact with minors; or from fantasies they may have viewing minors engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media.

8







Agents subsequently identified Victim 1 and set up a time for her to be interviewed by an FBI Child / Adolescent Forensic Interviewer (CAFI). The interview took place at the Child Advocacy Center in Tulsa, OK and was monitored by your affiant.

12. During the interview, Victim 1 said she was initially contacted by SWEET on Instagram in September 2019 when she was 15 years old. Victim 1 said SWEET sent her an edited nude photograph she originally sent to her ex-boyfriend. SWEET told her he found it online, and wanted her to be aware it had been posted. Victim 1 said she communicated with SWEET off and on via social media for several months, but did not meet him in person until mid-2020. Victim 1 said she lost her grandfather to cancer in January 2020 and her father to suicide in February 2020 and was feeling very alone before she and SWEET started dating in September of 2020.

13. Over the course of the relationship, Victim 1 said she sent a significant number of sexually graphic photographs and videos to SWEET across multiple social media platforms using several different applications. Victim 1 said among other things, the images she sent included pictures and videos of her genitalia, and on several occasions, she live streamed herself taking a shower to SWEET on the Google Meet / Google Hangout application. A number of these videos were taken and sent from her bedroom and bathroom which is located in the Northern District of Oklahoma. Victim 1 said she mainly used her school laptop, issued to her by Epic Charter Schools, to send the images as opposed to her cellphone because her mother did not allow her to have her phone when she went upstairs to bed. Pursuant to a federal search warrant, filing number 20-MJ-510-PJC, issued on or about 22 December 2020 in the Northern District of Oklahoma, law enforcement officers seized a black Lenovo Chromebook matching the description provided by Victim 1 from a bedroom where Victim 1 was alleged to have stayed, and submitted it for forensic examination.

14. On January 4, 2021, law enforcement officers contacted Epic Charter School's Technical Support in reference to the laptop. The Technical Support Manager said he was unable to access the majority of user account information from his administrative role because most of it was stored via Google's servers in accordance with the school's Chromebook usage agreement. The Technical Support Manager was however able to confirm the laptop had been issued to Victim 1 and

had been used to connect via Google Meets / Google Hangouts on multiple occasions with several accounts bearing the display name "Alexander Sweet."

15. Additional open-source research identified the following Google accounts associated with display name "Alexander Sweet": alexnsweet@gmail.com and alexandernsweet@gmail.com. On February 22, 2021, law enforcement personnel submitted 2703(d) Order 21-MJ-115-JFJ to Google requesting subscriber information for the identified accounts, as well as any additional linked accounts. On April 6, 2021, Agents downloaded and began review of a zip file provided by Google via their law enforcement portal containing information associated with the accounts. During the review, agents identified several additional accounts which shared the recovery e-mail address of alex_sweet_2000@hotmail.com and or were connected by "cookie."[2] As such, on May 27, 2021, law enforcement personnel submitted federal search warrant 21-MJ-430-CDL to Google via their law enforcement portal for the identified accounts, to include alexnsweet@gmail.com.

16. Your agent is aware that Google utilizes the internet and Google servers where the images discussed herein were stored are located outside of the state of Oklahoma. As such the images seized from Sweet's google account traveled in

---

[2] A "recovery" email or phone number is often required by electronic communication providers such as Google as part of their protection protocols. This "recovery" option provide users with a secure means of regaining access to their account should they forget their password. In choosing an alternate or recovery e-mail and/or phone number, individuals typically use an account which they control completely. This account is then verified through a message containing a code or link which users must enter or visit to confirm they have access to the alternate account. Accounts linked by cookies indicates they were logged into from the same device while the same browser cookie was present, suggesting the accounts were being accessed by the same individual. Based on my training and experience, individuals involved in criminal behavior such as the possession of child pornography often utilize multiple e-mail accounts to compartmentalize and obfuscate their activity.

interstate commerce. I am also aware that Google and social media platforms are facilities or means of interstate and foreign commerce. Additionally, I am aware that the laptop used to communicate with Sweet was not manufactured in the state of Oklahoma and thus had traveled in interstate commerce. Finally, I am aware that there are no cell phones manufactured in Oklahoma and as such all communications with Sweet involving electronic media utilized items not manufactured in Oklahoma.

17. On June 30, 2021, Google responded with several encrypted files containing information associated with the specified target accounts. During a cursory review, agents discovered numerous items of evidentiary value, to include, but not limited to:

- A sexually explicit video depicting Victim 1. Metadata confirms the video was created at Victim 1's residence on or about September 27, 2020, and is consistent with what she disclosed in the forensic interview. The video was discovered within a Google Photos folder connected to alexnsweet@gmail.com.

- A screen shot of a live "Google Hangouts" conversation between whom agents believe to be SWEET and Victim 1 depicting both parties engaged in self stimulation. The photo was discovered within a Google Photos folder connected to alexnsweet@gmail.com and had a pathway which contained Victim 1's name.

- Subscriber information for alexnsweet@gmail.com lists a phone number known to be utilized by SWEET as a Sign-In Phone Number, a Reachable Phone Number, and a 2-Step Verification Phone Number.

## CONCLUSION

18. Based on the above aforementioned facts and circumstances, there is probable cause to believe ALEXANDER N. SWEET (DOB: XX-XX-1993; SSN: XXX-XX-6318) has violated:

- **18 U.S.C. 2422 – Coercion and Enticement**

- **18 U.S.C. §§ 2251(a) – Production of Child Pornography:** Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in…any sexually explicit conduct for the purposes of producing any visual depiction

- **18 U.S.C. § 2252(a)(2)(A) and (B) – Receipt of Child Pornography:** Any person who knowingly receives material constituting a child pornography

- **18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) – Possession of Child Pornography:** Possession of, knowing access, conspiracy to access, or attempted access with intent to view child pornography.

It is therefore respectfully requested this Court issue a complaint and arrest warrant for ALEXANDER N. SWEET.

Respectfully Submitted,

Brian S. Dean
Special Agent
Federal Bureau of Investigation

SUBSCRIBED TO AND SWORN TO before me this 23rd day of July, 2021.

HONORABLE CHRISTINE D. LITTLE

14