IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-340-JFH |
| ALEXANDER NICHOLAUS SWEET, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is a motion for continuance ("Motion") filed by Defendant Alexander Nicholaus Sweet ("Defendant"). Dkt. No. 94. The Government opposes the Motion. Dkt. No. 96.

## BACKGROUND

Defendant is charged with seven crimes each related to child pornography. Dkt. No. 34. Specifically, the superseding indictment includes one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b); four counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e); one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2). *Id.*

Defendant was originally appointed counsel from the Court's CJA panel on July 23, 2021. Dkt. No. 6. While represented by this original counsel, Defendant attempted to file two pro se motions: one for discovery, inspection, and production of exculpatory evidence [Dkt. No. 39]; and one to dismiss the indictment [Dkt. No. 43]. The Court denied both motions as Defendant was represented by counsel. Dkt. No. 40; Dkt. No. 44. Defendant then filed a motion to substitute attorney. Dkt. No. 45. The Court convened two sealed ex parte hearings on the motion to

1

substitute, after which it granted the motion, allowed Defendant's original appointed counsel to withdraw, and appointed John Campbell ("Counsel") to represent Defendant. *See* Dkt. No. 51. Counsel was appointed to represent Defendant on January 25, 2022. *Id.* Defendant sought a continuance for Counsel to get up to speed on the case, which the Court granted, moving trial from the February 2022 docket to the April 2022 docket. Dkt. No. 58.

Counsel timely filed multiple pretrial motions on behalf of Defendant. Dkt. No. 63; Dkt. No. 64; Dkt. No. 65. The Court denied each motion. Dkt. No. 71. On March 22, 2022, Counsel filed a sealed motion to withdraw. Dkt. No. 72. The Court held a hearing on March 29, 2022 regarding the motion to withdraw. *See* Dkt. No. 79. At this hearing, Defendant presented a written response objecting to Counsel's motion to withdraw. Dkt. No. 81. In this response, Defendant said he did "not desire for this second appointed counsel to perpetuate the delay of my trial," claiming instead he would "like to explore other remedies of the court [sic] that would result in a less intrusive resolution on my right to a speedy trial." *Id.* at 6. Defendant reiterated orally to the Court during the March 29, 2022 hearing that he did not want to proceed pro se.

On April 8, 2022—10 days before trial—Defendant filed a motion to proceed pro se. Dkt. No. 87. The Court held a hearing on April 11, 2022 about this motion. During a sealed ex parte section of the hearing, the Court questioned Defendant extensively regarding the elements of the crimes charged, the possible defenses, the possible punishments, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence, courtroom decorum, and other trial logistics. The Court warned Defendant that he was not guaranteed access to law libraries or other resources should he proceed pro se. Defendant and Counsel were both amenable to proceeding on a hybrid representation model, and the Court granted the motion to proceed pro se with the requirement that Counsel remained as co-counsel. *See* Dkt. No. 91. The Court also warned Defendant that the case

was set for trial one week from the day of the hearing and that it did not intend to grant a continuance, saying "This case is set for trial a week from today. So your lawyer will need to spend as much time as he can with you in order for you to be prepared for trial, because we *are* starting trial next Monday."

On April 13, 2022, Defendant filed the Motion requesting a continuance, arguing that the limited time before the April 18, 2022 trial setting is inadequate for him to view discovery, access a law library, and "formulate a defense strategy." Dkt. No. 94.

## AUTHORITY AND ANALYSIS

The Tenth Circuit reviews "the denial of a motion for continuance of trial for abuse of discretion and 'will find error only if the district court's decision was arbitrary or unreasonable and materially prejudiced the defendant.'" *United States v. Diaz*, 189 F.3d 1239, 1247 (10th Cir. 1999) (quoting *United States v. Simpson*, 152 F.3d 1241, 1251 (10th Cir. 1998)). The decision is a fact-specific one, and a trial court should assess the following nonexclusive factors:

> (1) the diligence of the party requesting the continuance;
>
> (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance;
>
> (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance;
>
> (4) the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance.

*Id.* (quoting *United States v. Wynne*, 993 F.2d 760, 767 (10th Cir. 1993)).

First here, Defendant's requested continuance demonstrates a reversal in his long-held course of action. Counsel has been timely in his pretrial filings and has demonstrated compliance with the Court's existing scheduling order. When Counsel moved to withdraw, Defendant opposed

Counsel's request *on speedy trial grounds*, stating repeatedly that he did not want a delay in trial. Dkt. No. 81. Counsel has demonstrated compliance with the scheduling order despite having another trial in another case before the undersigned just two weeks before this case's slated trial.[1] And Defendant himself has diligently pursued an April trial, not a later one.

Second, the requested continuance has a low likelihood of accomplishing the purpose underlying Defendant's expressed need for the continuance. Defendant identifies three main reasons for his requested continuance: access to a law library to research and write motions, access to obtain and review discovery, and time to formulate a defense strategy. None of these would be served by a continuance.

Regarding motion practice, the Court warned Defendant that he does not have an unlimited right to law library access. Tenth Circuit law is clear that "providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999). And "a prisoner who voluntarily, knowingly and intelligently waives his right to counsel in a criminal proceeding is not entitled to access to a law library or other legal materials." *Id.* at 1205. "[T]here is nothing constitutionally offensive about requiring a defendant to choose between appointed counsel and proceeding pro se without access to legal materials because the sixth amendment is satisfied by the offer of professional representation alone." *Id.* (quotation omitted). Here, Defendant has hybrid counsel. Moreover, Defendant claims he has been unable to file motions until now, but the case docket sheet indicates at least eight filings from him: a motion for discovery in November 2021 [Dkt. No. 39]; a motion to dismiss in December 2021 [Dkt. No. 43]; a motion for writ of habeas corpus

---

[1] Counsel appeared before the undersigned in the trial of *United States v. Woodmore*, 20-CR-004 (E.D. Okla.), from April 4, 2022 to April 7, 2022.

4

in forma pauperis in March 2022 [Dkt. No. 74]; a letter from Defendant in March 2022 [Dkt. No. 78]; an opposition to Counsel's motion to withdraw [Dkt. No. 81]; a motion to proceed pro se [Dkt. No. 87]; a notice of preservation of claims [Dkt. No. 88]; and the instant Motion [Dkt. No. 94]. Defendant has made an ample record of his assertions and, particularly given that he does not have a constitutional right to unfettered law library use, a continuance would not provide a material benefit for pretrial motion practice.

Regarding discovery, "the Supreme Court has made clear that '[t]here is no general constitutional right to discovery in a criminal case.'" *United States v. Bisong*, 645 F.3d 384, 396 (D.C. Cir. 2011) (quoting *United States v. Ruiz*, 536 U.S. 622, 629 (2002)). And even if a defendant did have a sixth amendment right to particular discovery, he must show prejudice from the lack of access to discovery. *Id.* There is no prejudice when there is legal counsel available to assist with discovery. *See United States v. Carrillo*, 161 F. App'x 790, 794 (10th Cir. 2006) ("Assuming Mr. Carrillo was denied access to legal materials, such a deprivation does not invalidate his waiver when he was provided not only one advisory counsel, but also a second specifically to assist in discovery.").[2]

Discovery is particularly sensitive in this case, as it involves multiple pieces of alleged child pornography. Defendant has had access to non-sexually-explicit discovery through both his original attorney and Counsel. *See* Dkt. No. 25; Dkt. No. 32; Dkt. No. 49 (joint status reports). Counsel has examined the alleged sexually explicit child exploitation materials in a secure environment. Dkt. No. 96 at 3. At the April 11, 2022 hearing, the Court specifically directed Counsel and Defendant to work together in reviewing discovery before the trial. Defendant has

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. 10th Cir. R. 32.1(A).

not demonstrated what discovery he seeks to obtain if he were granted a continuance, instead only claiming that he wants time to secure "exculpatory evidence intrinsic and necessary to the strategy of the Defendant." Dkt. No. 94 at 2. This conclusory statement is insufficient for the Court to determine that Defendant would be prejudiced by lack of access to discovery if he were not granted a continuance.

Regarding time to formulate a defense strategy, the Court agrees with the Government that Defendant "has had the same defense strategy from the outset of proceedings [and] telegraphed his defense both while represented and pro se . . . that it is legal for him to have sex with a minor." Dkt. No. 96 at 4. This theme is evident in the motion to dismiss Counsel filed on Defendant's behalf [Dkt. No. 63]; Defendant's pro se notice regarding preservation of claims [Dkt. No. 88]; and Defendant's proposed voir dire [Dkt. No. 93]. Defendant has not demonstrated that a continuance is necessary to "formulate" a defense strategy. *See* Dkt. No. 94 at 3.

Third, the inconvenience to the other parties, witnesses, and the Court would be significant. Trial in this case has been continued three times: from October to December 2021, from December 2021 to February 2022, and from February 2022 to April 2022. Dkt. No. 31; Dkt. No. 42; Dkt. No. 58. The Government asserts that the victim in this case wants trial to continue as scheduled because she "only recently turned 18," "has been waiting since July 2021—nine months by the date of trial—for her day in court," and "is making efforts to move forward with her life and leave this horrifying chapter of her childhood behind." Dkt. No. 96. Trial is scheduled for two business days from now. Subpoenas have been issued, jurors have been summoned, and court staff have readied for trial. All of this occurred after the Court warned Defendant at the April 11, 2022 hearing that trial was going to commence one week later. To continue trial now would cause significant inconvenience to the Government, the victim, the subpoenaed witnesses, and the Court.

Fourth and finally, the need Defendant asserts for the continuance and the harm he claims he might suffer as a result of a denial are not persuasive. The Court recognizes that under certain facts, if a defendant "has made an unequivocal, intelligent, and timely request for self-representation that is not merely a ploy to delay the start of trial," the Tenth Circuit has suggested in dicta that "it arguably would be an abuse of discretion and a denial of due process to deny the defendant's request for a continuance to prepare for trial." *United States v. Akers*, 215 F.3d 1089, 1099 (10th Cir. 2000). In this case, however, the Court believes it has a "situation[] created by [Defendant's] vacillation or manipulation." *Id.* (quotation omitted). As discussed above, a continuance would not serve Defendant's goals in the way he claims it would. Where a defendant is very familiar with his own case—as Defendant's numerous filings demonstrate that he is—and has not "explain[ed] . . . how additional preparation would [enable] him to raise a reasonable doubt" on the elements of his crimes, there is no material prejudice and it is neither unreasonable nor arbitrary to deny a continuance. *See United States v. DeWilliams*, 85 F. App'x 154, 158-59 (10th Cir. 2004).

**IT IS THEREFORE ORDERED** that Defendant's motion for continuance [Dkt. No. 94] is **DENIED.** The parties are ordered to report for trial at 8:45 am on Monday, April 18, 2022.

DATED this 14th day of April 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE