IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER NICHOLAUS SWEET,<br><br>Defendant. | Case No. 21-CR-340-JFH |

### OPINION AND ORDER

Before the Court is a notice of res gestae evidence ("Notice") filed by the United States of America ("Government") [Dkt. No. 82] and an objection to the Notice filed by pro se Defendant Alexander Nicholaus Sweet ("Defendant") [Dkt. No. 100].

### BACKGROUND

According to the Government's Notice, the FBI learned in late 2020 that then-27-year-old Defendant had made numerous social media posts discussing his preference for dating minor girls.[1] Dkt. No. 82 at 2. These social media posts included:

- A post on AskReddit with the question "What was sexy 10 years ago but isn't now?" where, using the screenname AlexanderSweet918, Defendant replied "My 22 year old niece."

- A post on the Instagram account alexnsweet with a selfie of Defendant, the superimposed text "People are still sending me death threats because I was with a 16 year old this year? Lol wow." and the caption "So I'm into younger girls. To each their

---

[1] The federal definition of a minor is any person under 18 years old. 18 U.S.C. § 2256(1). Defendant repeatedly insists that a 16-year-old female is not a minor because the Oklahoma state age of consent for sexual intercourse is 16 years old. *See* 21 O.S. § 1111. Oklahoma state statutes are not relevant to the current federal charges. But even if they were, the Court notes that Oklahoma's child pornography statutes criminalize creation of visual depictions of sexual behavior by "any minor under the age of eighteen (18) years"—not 16 years. 21 O.S. §§ 1021.2, 1024.1.

1

own. The world goes on. Love and let live. ❤️ #single #oklahoma"

- A Facebook thread between an unidentified poster and Defendant, using the name Alexander Sweet, where the conversation reads:

    o Unidentified poster: "But go off and fuck 16 year olds Alex. Im [sic] sure that's the only demographic that deems you desirable anyway"

    o Defendant: "16 isn't pedophilia but ok"

    o Unidentified poster: ". . . . If you think 13 is an appropriate age to be considered a full adult, you're a fucking sicko."

    o Defendant: "talk to God about it. He made them capable of producing babies that young for a reason 🤷"

- A Facebook status where Defendant posted that he was "looking for a girlfriend at East Central High School 👀"

- A Facebook post where Defendant said "I'm 26 She's 17 Drop yours"

- A Facebook private message exchange between Defendant and an unidentified poster where the conversation reads:

    o Defendant: "I want her to be successful"

    o Defendant: "Not have a baby already"

    o Defendant: "Because she's grounded"

    o Defendant: "😂"

    o Unidentified poster: "Uhhh"

    o Unidentified poster: "What"

    o Defendant: "Lmfao"

    o Unidentified poster: "Bruh go for the ones over 18"

    o Defendant: "She's 16"

    o Defendant: "It's cool"

2

- - Unidentified poster: "..uh"
  - Defendant: "It's legal"
- A Snapchat exchange between an unidentified poster and Defendant where the conversation reads:
  - Unidentified poster: "and ur like 18 tfk I'm 13"
  - Defendant: "You smoke?"
  - Unidentified poster: "If you're done calling me broke, I'll smoke you out sometime"
  - Unidentified poster: "again . . . ur like 18"
  - Unidentified poster: "I'm 13"
  - Defendant: "Apparently that matters"
  - Unidentified poster: "YES IT DOSE [sic] ITS CALLED IM A MINOR"
  - Defendant: "I'm not tryna fuck you!"

Dkt. No. 82-1. The FBI also received information that Defendant "was in an intimate relationship with a 16-year-old girl and was in possession of graphic photographs and videos constituting child pornography." Dkt. No. 82 at 2. Agents made contact with the girl alleged to be in a relationship with Defendant and interviewed her. *Id.* The Government describes the interview as follows:

> [The girl] said she was initially contacted by Sweet on a social media application in September 2019, when she was 15 years old and Sweet was 26 years old. She said Sweet sent her an edited nude photograph she had originally sent to her ex-boyfriend. Sweet told her he found it online, and wanted her to be aware it had been posted. She stated she communicated with Sweet off and on via social media for several months but did not meet him in person until mid-2020 . . . . Over the course of the relationship, she said she sent a significant number of sexually graphic photographs and videos to Sweet across multiple social media platforms using several different applications.

*Id.* at 2-3. The Government obtained search warrants and located sexually explicit photographs and videos of the Defendant and the 16-year-old girl. *Id.* at 3. Defendant was subsequently

3

arrested and currently is charged with seven crimes each related to child pornography. Dkt. No. 34. Specifically, the superseding indictment includes one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b); four counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e); one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2). *Id*

## AUTHORITY AND ANALYSIS

Defendant seeks admission of the social media posts discussed under the theory that the posts are res gestae, also called intrinsic evidence, to the crimes charged. Dkt. No. 82. Evidence is considered "intrinsic" when it is inextricably intertwined with the charged conduct, meaning it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury;" contrastingly, evidence is "extrinsic" when it "is extraneous and is not connected or blended with the factual circumstances of the charged offense." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) (quoting *United States v. Parker,* 553 F.3d 1309, 1314 (10th Cir. 2009)). The Tenth Circuit has held that evidence can be intrinsic even if it occurred over a period of several years prior to the charged offense. *See United States v. Collins*, 97 F. App'x 818, 823-34 (10th Cir. 2004);[2] *see also United States v. Nieto Regalado*, 19-CR-0114-CVE, 2019 WL 5783730, at *11 (N.D. Okla. Nov. 6, 2019) (holding prior acts that occurred two years prior to indicted conduct were intrinsic). Intrinsic evidence "should be approached with caution." *Collins*, 97 F. App'x at 824 n.7.

---

[2]  Unpublished decisions are not precedential, but may be cited for their persuasive value. 10th Cir. R. 32.1(A).

4

If the Court determines evidence is intrinsic, the evidence "remains subject to the requirement of FRE 403 that its probative value is not substantially outweighed by the danger of unfair prejudice." *Irving*, 665 F.3d at 1212. If the Court determines the evidence at issue is not intrinsic, it must conduct a Rule 404(b) analysis. Rule 404(b) provides, in pertinent part:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.…
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). There are four factors to assess admissibility under 404(b): (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) whether the probative value of the evidence is substantially outweighed by the prejudicial effect, and (4) the availability of a limiting instruction. *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006); *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000).

The Court agrees with the Government that the social media posts are res gestae. The coercion and enticement count and the production of child pornography counts require the Government demonstrate that Defendant used a facility of interstate commerce in connection with knowingly persuading a minor to engage in sexual activity, while the possession and receipt of child pornography counts require the Government demonstrate that Defendant knew at least one performer in the visual depiction was a minor and was engaged in sexually explicit conduct. The social media posts demonstrate Defendant's knowing reliance on social media to discuss and further his interest in entering sexual relationships with minor females and thus "provide[] contextual or background information" helpful to the jury. *See Kupfer*, 797 F.3d at 1238.

The reliance on social media is particularly relevant to the coercion and enticement charge, as the alleged victim described how Defendant initially contacted her and then furthered their

relationship over social media. *See* Dkt. No. 82. The coercion and enticement statute, 18 U.S.C. § 2422, "criminalizes the sexual grooming of minors." *United States v. Isabella*, 918 F.3d 816, 831 (10th Cir. 2019) (quotation omitted). The Tenth Circuit defines grooming as "deliberate actions taken by a defendant to expose a child to sexual material; the ultimate goal of grooming is the formation of an emotional connection with the child and a reduction of the child's inhibitions in order to prepare the child for sexual activity." *Id.* at 833 (quoting *United States v. Chambers*, 642 F.3d 588, 593 (7th Cir. 2011)). Defendant's social media posts indicate his repeated reliance on social media to discuss sexual-adjacent topics, reduce inhibitions around relationships between adults and minors, and normalize his preferences—all of which is germane background information to the Defendant's alleged grooming.

Although the Court has determined that the social media evidence is intrinsic to the case, it must still consider Rule 403 and balance the evidence's probative value against the danger of unfair prejudice. *Irving*, 665 F.3d at 1212. The evidence is highly probative of Defendant's knowing recruitment of underage romantic partners through the use of technology. And the risk of unfair prejudice is low. "Evidence is not unfairly prejudicial simply because it is damaging to [a party's] case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quotation omitted). Rather, it must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* In other words, evidence is unfairly prejudicial if it "tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (emphasis in original) (quotation omitted). Defendant's social media posts are inextricably intertwined with, not wholly separate from, the crimes charged. Rule 403 is satisfied.

In the alternative, even if the Court had found that the evidence was extrinsic to the crimes charged, the social media posts would still be admissible under Rule 404(b). The Government plans to offer the evidence to demonstrate that Defendant "was actively seeking a girl under the age of 18," was "aware that he was dating a person under the age of 18," and was "bragging and boasting about seeking out a person under 18 to date." Dkt. No. 82 at 5. In other words, the Government plans to present the evidence to demonstrate motive, intent, preparation, knowledge, absence of mistake, and lack of accident—each of which is a proper purpose under Rule 404(b). The evidence is clearly relevant, as Rule 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action," and Defendant's knowing solicitation of minor females for sexual relationships is of central consequence in this case. Fed. R. Evid. 401. As discussed above, the probative value is significant and is not substantially outweighed by any risk of prejudice. Finally, should Defendant request one, the Court would issue a limiting instruction directing the jury to consider the evidence only for the proper purposes of motive, intent, preparation, knowledge, absence of mistake, and lack of accident. *See United States v. Nance*, 767 F.3d 1037, 1042 (10th Cir. 2014) ("[T]he probative value of this evidence . . . [is] not substantially outweighed by its potential for unfair prejudice because the Court [will], upon defen[dant's] request, instruct jurors to consider the evidence only for the limited purposes for which it [is] admitted.").

**IT IS THEREFORE ORDERED** that the evidence described in the Government's notice of res gestae evidence [Dkt. No. 82] is **admissible.** Defendant's objection [Dkt. No. 100] is **overruled**.

DATED this 15th day of April 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE