IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ALEXANDER NICHOLAUS SWEET,

        Defendant.

Case No. 21-CR-340-JFH

## OPINION AND ORDER

    Before the Court is a motion for leave to file motions untimely filed by pro se Defendant Alexander Nicholaus Sweet. Dkt. No. 101. Defendant became pro se on April 11, 2022. Trial is set for April 18, 2022. Defendant seeks to file two motions before trial: a motion to dismiss for failure to state an offense [Dkt. No. 101-1] and a motion to dismiss on constitutional grounds [Dkt. No. 101-2].

    The Court recognizes that a significant motivating factor in Defendant's request to proceed pro se was his desire to file pretrial motions that he wrote himself. The Court therefore **grants** the motion for leave to file motions untimely. In the interest of judicial economy, the Court next turns to the two motions themselves, which were appended to Defendant's motion for leave.

    Defendant claims that his pro se motions to dismiss are different than two similar motions to dismiss filed by his hybrid counsel, which the Government responded to and which the Court has already considered and denied. Dkt. No. 101 at 2. *See* Dkt. No. 63; Dkt. No. 64; Dkt. No. 68; Dkt. No. 69; Dkt. No. 71. The previous and current briefs do have differences in citation and nuance. Perhaps most contrastingly, Defendant's counsel's constitutional motion relied on *Lawrence v. Texas* and privacy rights, while Defendant's pro se constitutional motion relies on the First Amendment. *Compare* Dkt. No. 63 *with* Dkt. No. 101-2. However, both sets of motions

have the same overarching arguments: that the federal child pornography statutes are not applicable in Indian country and that the federal child pornography statutes are unconstitutionally overbroad in the context of "a private lawful relationship" between an adult and a minor at or above the state law age of consent. Dkt. No. 101-1; Dkt. No. 101-2 at 3. The Court denies Defendant's pro se motions to dismiss for the same overarching reasons.

First, federal jurisdiction in Indian country "extends . . . to crimes over which there is federal jurisdiction regardless of whether an Indian is involved." *United States v. Wheeler*, 435 U.S. 313, 331, (1978), *superseded by statute on other grounds*. Each of the charging statutes in this case is based on Congress' ability to regulate interstate commerce, not its ability to regulate Indian country. *See* 18 U.S.C. § 2251(a); 18 U.S.C. §§ 2252(a)(2) & (a)(4); 18 U.S.C. § 2422(b).

Second, it is well established that the Supreme Court has "sustained legislation aimed at protecting the physical and emotional well-being of youth even when the laws have operated in the sensitive area of constitutionally protected rights." *New York v. Ferber*, 458 U.S. 747, 756 (1982) (holding that child pornography is not protected under the First Amendment). Defendant effectively argues that the federal child pornography statutes are outdated because of recent changes in technology and culture:

> In the world we live in today it is common for such minors to voluntarily produce, possess, receive and send sexually explicit depictions of themselves and/or of their lawful romantic partners, perhaps as an expression to [sic] engage in lawful sexual relations. On other occasions such minors wish to make record of their lawful sexual encounters and take photos or videos of their sexual intercourse for later private viewing and reflection. . . . The overbreadth of these statutes criminalizes common and benign speech that has become intrinsic to an adolescent minor's exploration, development, and expression of their lawful sexual behaviors and relationships in the modern tech-filled world we live in today . . . .

Dkt. No. 101-2 at 5-6. Defendant may certainly urge the Legislature to update the statutes he protests, but this Court must apply the law as it exists before it. The Tenth Circuit finds *United States v. Brune*, 767 F.3d 1009 (10th Cir. 2014) (rejecting an overbreadth challenge to child pornography possession statute 18 U.S.C. § 2252A(a)(5)(B)), instructive.

First, *Brune* cautions against overbreadth challenges as "manifestly strong medicine" to be "employed sparingly and only as a last resort." *Id.* at 1019. The Tenth Circuit explained:

> Facial challenges, . . . including those based on overbreadth, are disfavored for several reasons. At a fundamental level, facial challenges counteract principles of both judicial restraint and separation of powers. With respect to judicial restraint, facial challenges permit judges to issue premature interpretation of statutes on the basis of factually barebones records, and breach the fundamental principal that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is applied. And regarding the separation of powers, facial challenges empower a court to nullify more of a legislature's work than is necessary, which disrupts the intent of the people's democratically elected officials.

*Id.*

Second, the *Brune* court directly addressed the tension between federal child pornography statutes and the Internet. It acknowledged that "[a]s a medium, the Internet has undoubtedly generated some complications in ascertaining the precise contours of the First Amendment in an age of technology that is constantly changing and difficult to define." *Id.* at 1024. But it then noted that "particularly in the context of child pornography, Congress and the Supreme Court have engaged in an ongoing effort to strike a careful balance between safeguarding constitutionally protected speech and enforcing legitimate criminal laws." *Id.* (citation omitted). Ultimately, the Tenth Circuit concluded in *Brune* that "that careful balance is not disrupted by [the federal child pornography possession statute] because . . . any protected speech that falls under the ambit of the statute is insubstantial in comparison to its plainly legitimate sweep." *Id.* at 1024-25. The Court

believes *Brune*'s reasoning would apply in equal force to the other federal child pornography statutes under which Defendant is charged.

**IT IS THEREFORE ORDERED** that Defendant's motion for leave to file motions untimely [Dkt. No. 101] is **GRANTED** and Defendant's motions to dismiss [Dkt. No. 101-1; Dkt. No. 101-2] are **DENIED.**

DATED this 15th day of April 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE