IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-CR-340-JFH |
| ALEXANDER NICHOLAUS SWEET, | |
| Defendant. | |

**OPINION AND ORDER**

Before the Court are three pro se filings by Defendant Alexander Nicholaus Sweet ("Defendant"): a motion for discovery [Dkt. No. 143]; a notice of intent to file new trial motion [Dkt. No. 144]; and a request to extend new trial motion deadline [Dkt. No. 145].

On April 20, 2022, a duly empaneled jury convicted Defendant of one count of coercion and enticement of a minor, four counts of production of child pornography, one count of receipt and distribution of child pornography, and one count of possession of child pornography. Dkt. No. 132. Defendant is currently awaiting sentencing, which will be scheduled following disclosure of his presentence investigation report. *See* Dkt. No. 129.

Defendant appeared at trial pro se with hybrid counsel, John Campbell ("Counsel"). *See* Dkt. No. 87; Dkt. No. 91. A defendant has a constitutional right to appear pro se at trial but does not have a parallel right to appear pro se on appeal. *Martinez v. Ct. of App. of Cal., Fourth App. Dist.*, 528 U.S. 152, 163 (2000) (citing *Faretta v. California*, 422 U.S. 806 (1975)). This is so because "[c]onsidering the change in position from defendant to appellant, the autonomy interests that survive a conviction are less compelling . . . [but] the overriding state interest in the fair and efficient administration of justice remains as strong as at the trial level." *Id.* The Tenth Circuit and this Court have repeatedly recognized that defendants have no constitutional right to represent

themselves or to be represented in a hybrid arrangement between counsel and themselves on direct appeal. *See United States v. Hoodenpyle*, 461 F. App'x 675, 683 (10th Cir. 2012);[1] *United States v. Estrada*, 25 F. App'x 814, 822 (10th Cir. 2002) (Briscoe, J., concurring); *United States v. Bailey*, 12 F. App'x 904, 906 (10th Cir. 2001); *Cannon v. Mullin*, No. 99-CV-297 H(M), 2002 WL 35630319, at *15 (N.D. Okla. Dec. 9, 2002), *aff'd in part, rev'd in part and remanded*, 383 F.3d 1152 (10th Cir. 2004).

It is within the Court's discretion to allow or prohibit Defendant from proceeding pro se following conviction. *Martinez*, 528 U.S. at 162. Defendant represented himself at trial pursuant to his constitutional right to do so. *See* Dkt. No. 91; *Faretta*, 422 U.S. 806. He has now been found guilty, which brings a "change in position" and in rights related to the "significant differences between the trial and appellate stages of a criminal proceeding." *Martinez*, 528 U.S. at 162-63. For this reason, the Court exercises its discretion to end Defendant's hybrid pro se relationship with Counsel.[2] Any future filings on Defendant's behalf in this case shall be signed

---

[1] Unpublished opinions are not binding but may be cited for their persuasive value. 10th Cir. R. 32.1.

[2] The Court also notes Defendant recently demonstrated a clear lack of candor with the Court unbefitting of any litigant in this tribunal. On May 2, 2022, Defendant filed a pro se motion to modify no-contact order claiming he needed access to the victim, M.L.C., to serve her with divorce paperwork. Dkt. No. 134. On May 4, 2022, the Government filed a response noting, among other things, that Defendant was aware M.L.C. has legal representation because he filed a motion in the state court divorce case with a certificate of service naming M.L.C.'s attorney. Dkt. No. 137. This motion was titled an "Amended Motion to Dismiss" and was filed in the state court case on November 19, 2021. Dkt. No. 137-1. On May 11, 2022, the Court denied Defendant's motion to modify no-contact order. Dkt. No. 139. On May 16, 2022—after the Court's Order—Defendant filed a reply stating he "[has] been unaware that M.L.C. has secured a divorce attorney" and lacks contact information for any such attorney. Dkt. No. 141 at 3. Defendant attached as an exhibit to his reply an initial motion to dismiss in the state court case, filed November 3, 2021, which did not include a certificate of service. Dkt. No. 141 at 4-7. This filing predated Defendant's November 19, 2021 amended motion provided by the Government, which demonstrates Defendant has been aware for almost six months that M.L.C. is represented by counsel in the divorce proceeding. Defendant's statement that he did not know whether M.L.C. has legal representation coupled with his choice to present the Court with his initial, but not his amended, motion to dismiss in the

and filed by Counsel. Any future filings attempted by Defendant pro se shall be stricken.[3]

The Court will provide a copy of this Order to Defendant's counsel, Mr. Campbell. Defendant is encouraged to confer with Mr. Campbell regarding possible motions signed by counsel.

**IT IS THEREFORE ORDERED** that Defendant Alexander Nicholaus Sweet's pro se motion for discovery [Dkt. No. 143] and pro se request to extend new trial motion deadline [Dkt. No. 145] are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendant Alexander Nicholaus Sweet's pro se notice of intent to file new trial motion [Dkt. No. 144] is **STRICKEN.**

DATED this 20th day of May 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

divorce case can only be construed as an attempt at purposeful deception.

[3] The Court has discretion to consider *pro se* filings by a criminal defendant who is represented by counsel but is not obligated to accept such filings. *United States v. Bennett,* 539 F.2d 45, 49 (10th Cir. 1976); *see also United States v. Castellon*, 218 F. App'x 775, 780 (10th Cir. 2007) ("[W]here a defendant is represented by counsel, we do not accept pro se filings or allegations.").