BC/BS
1
RECEIVED
MAY 31 2022
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

21cr340JFH

Honorable Judge John F. Heil III,

This letter is in response to the misconstruction of my reply to the Government's response to my motion to modify the no-contact order.

The Court stated that "Defendant recently demonstrated a clear lack of candor with the Court" by construing my attachment of my initial motion to dismiss an ungrounded annulment of marriage "as an attempt at purposeful deception" simply because the initial motion to dismiss did not include the certificate of service included on the amended motion to dismiss that the Government had clearly already introduced. I did not refute the fact that I was aware that her former guardian, Angela Caldwell, had retained counsel for the purpose of annulment. In fact, I specifically questioned the legitimacy of such a filing by stating the fact that the attorney and petition were retained and executed in spite of M.L.C.'s will to the contrary. If such counsel is to be recognized as representing M.L.C. herself and if such retainer extends to representing her absent her former guardian whom contracted with said counsel and if such representation includes more than an annulment proceeding to fully include a divorce proceeding... then I admit my ignorance to the scope of that counsel. I would think my clear request for her 'current counsel' and the fact that the

2

attachment of the initial motion to dismiss the annulment was only referenced to show that an annulment proceeding was not a legal means to abrogate the marriage would be sufficient to preclude any notion of unethical intent by any neutral litigant. The decision of the Court to construe my filings in such this way gives me pause for bias especially as this instance of reasoning was used, in part, in bolstering the Court's discretion in prohibiting me from proceeding Pro Se post-trial and in striking my filings and dismissing my claims, albeit without prejudice. Furthermore, I would like to note that the Court also re-assigned counsel who has a history of not preserving claims which pose a conflict of interest. Or uc. of note, a claim which would affect counsel's livelihood if sustained – which was finally filed by myself in a Pro Se motion and was not deemed frivilous. It seems to me, at least to some degree, that the Court would have it my claims be procedurally waived by continuing to insist I have counsel who does not effectively represent my interests. Additionally, I sent my reply on the day after receiving the Government's response.

Date: 05/26/2022

Respectfully,

X aly/ Sweet(t)

Alexander N. Sweet -22/21218
OCCJA-Annex
111 S. Alabama Ave.
Okmulgee, OK 74447

Alexander N. Sweet 22/212218
OCCJA- Annex
111 S. Alabama Ave,
Okmulgee, OK 74447

cr-340 JFH

Postmark 5-26-22 BC

Judge John F. Heil III
333 W. 4th St.
Tulsa, OK 74103

TULSA OK 740 26 MAY 2022 PM 1 L

RECEIVED
MAY 31 2022
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

74103-38599



