**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | **Case No. 21-CR-340-JFH** |
| ALEXANDER NICHOLAUS SWEET, | |
| **Defendant.** | |

## <u>OPINION AND ORDER</u>

Before the Court is a Report and Recommendation by United States Magistrate Judge Christine D. Little ("R&R") [Dkt. No. 249] on Defendant Alexander Nicholaus Sweet's Motion for Return of Property ("Motion") [Dkt. No. 222]. Defendant claims to have been unlawfully deprived of property by the United States of America ("Government") and moves for the return thereof under Federal Rule of Criminal Procedure 41(g). The Magistrate Judge recommends granting his Motion in part as to several of the items requested while denying in part as to others. Defendant objects to the adverse recommendations, maintaining his entitlement to virtually every item seized. Dkt. No. 252. Having reviewed the R&R, the Court concurs with the Magistrate Judge's recommendations and therefore accepts and adopts them as the order of the Court. Defendant's objections are OVERULLED as set forth below.

## BACKGROUND

In April 2022, a jury found Defendant guilty on seven charges of child sexual exploitation, including coercion and enticement of a minor and the receipt, possession, production, and distribution of child pornography. Dkt. No. 132. He is now serving a life term of imprisonment imposed by this Court on April 28, 2023. Dkt. No. 177, *aff'd*, *United States v. Sweet*, 107 F.4th 944 (10th Cir. 2024), *cert. denied*, 145 S. Ct. 1221 (2025).

His conviction affirmed and writ of certiorari denied, Defendant proceeds pro se. *See* Dkt. No. 271 (denying appointment of counsel). He requests return of numerous items seized by law enforcement, including several electronic devices, an automobile, and various documents found inside the vehicle at the time of his arrest. Dkt. No. 222 at 2-3. In its response, the Government identifies additional property seized and states its position on the status of each item requested. Dkt. No. 227. After an evidentiary hearing on June 30, 2025, [Dkt. No. 242] the Magistrate Judge issued her R&R on December 2, 2025 [Dkt. No. 249]. Defendant's objections were timely lodged on December 23, 2025. Dkt. No. 252. He has also since moved for relief under 28 U.S.C. § 2255. Dkt. No. 275. His collateral attack is currently being briefed.

## STANDARD

No person shall be deprived of property without due process of law. U.S. Const. amend. V. In criminal matters, the Government "is clearly permitted to seize evidence for use in investigations and trial." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001). It is likewise entitled to confiscate and destroy property which is illegal to possess. *Id.* at 1212 n.13 ("Courts will not entertain a claim contesting the confiscation of contraband *per se* because one cannot have a property right in that which is not subject to legal possession."). Yet, "the general rule is that 'seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.'" *Id.* at 1212-13 (quoting *Cooper v. City of Greenwood*, 904 F.2d 302, 304 (5th Cir.1990)). "A person aggrieved by . . . the deprivation of [such] property may move for the property's return" under Federal Rule of Criminal Procedure 41(g). Fed. R. Crim. P. 41(g); *see generally United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1179 n.1 (10th Cir. 2005) (noting Rule 41(g) was codified at Fed. R. Crim. P. 41(e) prior to December 1, 2002).

2

Proceedings on a motion for return of property under Rule 41(g) are civil in nature and governed by equitable principles. *Clymore v. United States*, 415 F.3d 1113, 1117 n.4 (10th Cir. 2005); *United States v. Nelson*, 190 F. App'x 712, 714 (10th Cir. 2006). "A district court should exercise its equitable power to grant relief only if the . . . movant shows 'irreparable harm and an inadequate remedy at law.'" *United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011) (quoting *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006)). "'[J]urisdiction should be exercised with caution and restraint,' and the district court should dismiss a Rule 41(g) motion if the movant has failed to make this showing." *United States v. Bacon*, 900 F.3d 1234, 1237 (10th Cir. 2018) (quoting *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988). "If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed. R. Crim. P. 41(g).

## ANALYSIS

### I.      Defendant's Laptop and Smartphone

Among the items requested in Defendant's Motion are a "Black Laptop Computer" and an "Apple Iphone8 (Rose Gold)." Dkt. No. 222 at 2. Defendant claims these devices "contain evidence of exculpatory value . . . which I've not had an opportunity to investigate or preserve and may form the basis of at least one of my claims on collateral attack." *Id.* at 3. However, both devices have remained locked and inaccessible to the Government for the duration of these proceedings. Dkt. No. 249 at 2 and 7. Accordingly, the Government cannot confirm whether either contains child sexual abuse material ("CSAM") or information about the minor victim, and Defendant continues to withhold consent for their search. *Id.* at 2. Even so, Defendant maintains he is "ultimately entitled" their return, both "without the destruction of the ESI property contained within" and without pre-screening for contraband material. Dkt. No. 252 at 3.

Because Defendant has refused to allow screening of the devices for contraband,[1] the Court is left without viable means to grant him access to their contents while ensuring he receives neither CSAM nor information about the victim.  Moreover, the Magistrate Judge determined that both devices were used to send, receive, and view visual depictions of the sexual exploitation of minors.  Dkt. No. 249 at 9.  Thus, the devices constitute derivative contraband regardless of their contents.  *See generally United States v. Robinson*, 516 F. App'x 716, 717 (10th Cir. 2013) ("[T]here are two types of contraband—contraband *per se*, which is 'intrinsically illegal in character,' and derivative contraband, which includes items 'not inherently unlawful but which may become unlawful because of the use to which they are put.'" (quoting *Rodriguez-Aguirre*, 264 F.3d at 1212 n. 13 (10th Cir.2001)).  Under Section 2253, Defendant's interest in such contraband was forfeited to the Government upon his conviction.  18 U.S.C. § 2253(a)(3); *United States v. Penry*, 515 F. App'x 784, 788-89 (10th Cir. 2013); *accord United States v. Sanders*, 107 F.4th 223, 227-28 (4th Cir. 2024) (finding the provisions under Section 2253 "require the forfeiture, following convictions involving child pornography, of (1) *all depictions* of child pornography, (2) *any matter containing* such depictions, and (3) *any property used* to commit the crimes involving depictions of child pornography").  It is therefore proper to quiet title in both devices to the Government.

## II.    Other Electronic Devices

Defendant also seeks return of an "Apple Ipod Touch," "External Hard Drive," "SD Card," and six "USC Thumbdrives."  Dkt. No. 222 at 2.  The Government designates these items as evidence and argues that they should remain in its possession until after resolution of Defendant's collateral attack under 28 U.S.C. § 2255.  Dkt. No. 227 at 1-2 and 8-9.  Until then, the Government

---

[1] Defendant requests screening of the devices by "a third-party technical assistant" in lieu of search by the Government.  Dkt. No. 252 at 5-6.  The law does not provide for such an approach.

has agreed to convey copies of their non-contraband contents to Defendant.  Dkt. No. 249 at 2-3.

According to the R&R, Defendant conceded to this arrangement at the evidentiary hearing.  *Id.*

The Magistrate Judge accordingly recommends that his Motion be denied as to these devices but

that the Government nevertheless be ordered to deliver copies of their contents to Defendant.  *Id.*

at 3.  The R&R also recognizes that the Government "cannot simply rely on the possibility of

resentencing to justify retaining all property seized, especially that of an apparently innocuous and

irrelevant nature."  *Id.* at 7 (quoting *United States v. Nelson*, 190 F. App'x 712, 715 (10th Cir.

2006)).  Hence, the Court construes the Magistrate Judge's recommendation to be that, once the

Section 2255 proceedings have concluded, the Government shall additionally return the physical

storage devices to Defendant, provided they neither contain contraband material nor were used in

the commission of crimes referenced under Section 2253.  Defendant's objection as to these items

[Dkt. No. 252 at 6-7] is therefore moot.

### III.    Passport and Books

Included in the Government's list of seized property are Defendant's passport and two

books, titled "Open Source Intelligence Techniques" and "Extreme Privacy."  Dkt. No. 227 at 2-3.

The Government designates these items as evidence and asks to keep them until after resolution

of Defendant's Section 2255 motion.  *Id.* at 8-9.  Defendant objects to the R&R's lack of explicit

reference to these items and asserts that he is entitled to their return in accordance with his

concessions at the evidentiary hearing.  Dkt. No. 252 at 8.  Although the R&R does not provide

individual recommendations for these items, the Court construes the Magistrate Judge's

recommendation to be in accordance with Defendant's concession for their return upon conclusion

of Section 2255 proceedings.

**IV.     Property No Longer in the Government's Possession**

The Government is no longer in possession of several items requested.  Dkt. No. 227 at 5. These include Defendant's red Ford Focus, the vehicle's title, $1,100 in cash, and some additional items discovered inside of the vehicle.  *Id.*; *see* Dkt. No. 249 at 6 ("While the government for a time had a 'hold' on Defendant's Red Ford Focus and its contents while it remained on a tow lot, it has since released that hold and is not in possession of the car or the contents the government left in it. . . . [T]he United States gave the approximately $1100 it found in the car to the victim[.]"). The R&R notes that, because the Government is no longer in possession of this property, the Court is unable to grant Defendant's request for its return and lacks jurisdiction to award Defendant monetary damages for their loss.  Dkt. No. 249 at 6 (citing *Clymore*, 415 F.3d at 1120).

The Court concurs with the Magistrate Judge's assessment.  "Rule 41(g) is not a proper vehicle for obtaining monetary compensation for seized property no longer in the government's possession."  *United States v. Soto-Diarte*, 370 F. App'x 886, 888 (10th Cir. 2010); *accord Ordonez v. United States*, 680 F.3d 1135, 1138 n.2 (9th Cir. 2012) (holding the same and collecting cases from eight additional circuits); *United States v. Droganes*, 728 F.3d 580, 589 (6th Cir. 2013) (following suit, for a combined consensus of at least ten circuits); *see also Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) ("If the district court finds that the government no longer possesses *the currency* [the defendant] seeks, [the defendant's] motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)." (emphasis added)).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Objections to Magistrate's Report and Recommendation [Dkt. No. 252] are OVERULLED.

Defendant's Motion for Return of Property [Dkt. No. 222] is GRANTED IN PART and DENIED IN PART, both in accordance with the Magistrate Judge's Report and Recommendation [Dkt. No. 249] and as set forth in this Order.

IT IS FURTHER ORDERED that Defendant's Motion for Production of Evidentiary Hearing Transcript at Government's Expense [Dkt. No. 279] is DENIED as moot.

Dated this 20th day of July 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE